FAIRBANKS, MORSE & CO., Appellant, v. HEIHN et al., Respondents.

(136 N. W. 107.)

**Sale—Warranty—Evidence—Comparison of Engine's Capacity.**

On the issue whether vendor's engine developed 25 horse power after receipt by vendee, no proof having been submitted that the engine had been tested and had, upon test, developed such power, but witnesses testified that an engine with which the one sold was compared was rated as a 20 horse power engine, the sole proof of such rating being the fact that a plate attached to it by the makers was marked to indicate 20 horse power. **Held,** error to admit proof of comparison between the two engines without some competent proof of the actual horse-power capacity of the engine with which comparison was made.

(Opinion filed, May 7, 1912.)

Appeal from Circuit Court, Hutchinson County. Hon. ROBERT B. TRIPP, Judge.

Action by Fairbanks, Morse & Company against Charles Heihn and others. From a judgment for defendants, plaintiff appeals. Reversed.

*Henry M. Kidder and E. P. Wanzer,* for Appellant.

1. That the court erred in allowing the defendants to introduce in evidence upon the trial of said cause as to the operation of the engine of the defendants. That is, under the terms of the contract the engine was to be tested at the works of the plaintiff at Beloit, Wisconsin, and was to be accepted by the defendants upon that test; and that the working of the engine at a subsequent time and a different place was not competent evidence to rebut the evidence of plaintiff as to the actual mechanical test made in accordance with the terms of the contract.

2. That the court erred in allowing in evidence over plaintiff's objections, as to the running of their separator and by way of comparison between the Fairbanks, Morse & Co.'s. engine and the International engine. There being no competent evidence to show what was in fact the actual horse power of the International engine.

Plaintiff contends that evidence as to how the International engine worked was inadmissible to prove that the engine in question did not have the horse power as stated in the contract. 30 Eng. Ency. 227, and cases cited.

In Osborn & Co. v. Bell et al., 62 Mich. 214. Similar evidence in behalf of the plaintiffs was held inadmissible. Syll. Marsh v. Snyder, (Neb.) 15 N. W. 341; Fox v. Stockton, Combined Harvester etc. Works, 83 Cal. 333.

If the effect of the evidence is as we believe and, indicated here, then independent of its being incompetent and without foundation, it was misleading and prejudicial to plaintiff. Holt et al. v. Sims et al., 102 Northwestern 386 (Minn.)

This test showed that this particular engine developed to exceed 25 horse power. This test was made by the Prony brake. Brookes on Gas and Oil Engines, on page 7, 69.

Mr. Sargent gives the formula as follows: "To get the rated horsepower, or to find out the horsepower of an engine, you multiply 2 (2.1416) times the brake radius, times the speed, 200, times the load pulled, 300 pounds, over 33,000 times 12, equals the horsepower." We cite Chambers Enc., vol. 5, page 796.

*French & Orvis*, for Respondents.

It will be seen that the only issue in the case was as to whether the engine was tested at the works of plaintiff before shipment and whether at such test, if made, it developed 25 actual horsepower. No evidence was offered or received upon the trial except upon that issue.

The trial court by its rulings must have been of opinion that plaintiff under the contract was required to furnish defendants with a gasoline traction engine *having* 25 actual horsepower. Defendants could produce no witnesses who could testify what was done when the claimed test of the engine was made in June, 1910. Were they required to do so? Plaintiff's counsel in effect argue that no other evidence would be competent or relevant under the issue tried.

Appellant's counsel say evidence as to what the smaller engine did and what the larger engine did under the same conditions was inadmissible and would not tend to prove that the larger engine developed less than 25 actual horsepower, because they say there was no competent evidence as to the capacity of the smaller engine. Is this true? Evidence that would appeal to anyone as bearing directly upon the issue to be tried must be relevant.

If the trial court's ruling was correct that defendants were entitled under their contract with plaintiff to a 25-horsepower engine, the evidence received on behalf of defendants was, it seems to us, relevant and competent as bearing upon that issue. It was the best that defendants could produce under the circumstances.

There is no evidence in this record supporting this statement to the effect that any computation under any circumstances would give the International engine 42.50 horsepower. The testimony of Mr. Buhrman, the expert, as appears in page 84 of the transcript.

WHITING, J. This action was brought by plaintiff to recover of defendants the purchase price of one gasoline engine sold defendants by plaintiff under a contract which provided, among other things, that the "engine shall be tested at our works before shipment and shall develop 25 actual horse power." Though two special findings and a general verdict were submitted to the jury, yet in fact but one question was left for its determination: Did the engine in question develop 25 horse power after the same was received by defendants? Upon this question there was offered and received, over proper objections thereto, the testimony of witnesses who compared the capacity of said engine with that of another engine. There was testimony received, over proper objections, going to prove that the engine with which comparison was made was rated as a 20 horse power engine; the proof of such rating resting solely upon the fact that a plate, attached to such engine by the makers thereof, was marked to indicate 20 horse power. There was no testimony offered to prove that such engine had been tested and had, upon such test, developed 20 actual horse power. It is the contention of appellants that the court should not have allowed any comparison between the two engines without some competent proof of the actual horse-power capacity of the engine with which comparison was attempted to be made. Appellant is clearly correct. It needs no argument to demonstrate that, before one article can be used as a standard from which to determine the capacity of a second article, there should be proof of the capacity of the article, which is so used as a standard of measurement or comparison; as well allow the scales of a merchant to be proven false by comparing same with those of another merchant, without proof of correctness of such other scales.

The judgment of the trial court and order denying a new trial are reversed.